IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIANE L. MOSLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-02943-M |
| | § | |
| KROGER TEXAS L.P. D/B/A KROGER #559; | § | |
| KROGER TEXAS L.P. D/B/A HENPIL #559; | § | |
| AND HENPIL, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Summary Judgment (ECF No. 24), filed by Defendants Kroger Texas L.P. d/b/a Kroger #559 and Kroger Texas L.P. d/b/a Henpil #559 (together, "Kroger") and Henpil, Inc. For the reasons stated below, the Motion is **GRANTED**.

**I.     Factual and Procedural Background**

This is a premises liability suit arising from injuries Plaintiff Diane L. Mosley sustained at a Kroger store in Dallas County. Plaintiff alleges that on October 31, 2017, she was walking in the produce section of Kroger when she slipped and fell in a puddle of milk on the floor. (ECF No. 1-2 at 13; ECF No. 26-1 at App. 32).

Plaintiff originally sued Defendants in Dallas County District Court, asserting claims for premises liability, ordinary negligence, and negligent hiring, supervision, training, and retaining. (ECF No. 1-2 at 3–5). Defendants removed the case to this Court, and Defendants' Motion for Summary Judgment is now ripe for review. (ECF No. 1-3 at 1; ECF No. 24).

**II.     Legal Standard**

Summary judgment shall be granted if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party bears the initial burden of proving there is no genuine issue of material fact, but this does not require negating elements of the nonmoving party's case. *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). Instead, the moving party can meet its burden by identifying those portions of the pleadings, depositions, and other summary judgment evidence which demonstrate the nonmoving party lacks evidence to support its claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986).

The burden then shifts to the nonmoving party to show that summary judgment is not warranted. *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The nonmoving party then must go beyond the pleadings and point to specific facts in affidavits, depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence will not defeat a summary judgment motion. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The court will view all facts and inferences in the light most favorable to the nonmoving party. *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566 (5th Cir. 2003). However, the court "will not assume 'in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Little*, 37 F.3d at 1075).

### III.     Analysis

### A.     Premises Liability

Generally, under Texas law, a landowner has "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). An invitee is "one who enters another's land with the owner's knowledge and for the mutual benefit of both." *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975). To prevail on a premises liability claim in Texas, an invitee must show:

(1) That the owner had actual or constructive knowledge of some condition on the premises;

(2) That the condition posed an unreasonable risk of harm to the invitee;

(3) That the owner did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner's failure to use reasonable care proximately caused the harm to the invitee.

*See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

As a preliminary matter, Henpil argues that it is entitled to summary judgment because Plaintiff "has no evidence that Henpil owned, operated, controlled or managed the store where the incident occurred." (ECF No. 25 at 11). Under Texas law, "[a] plaintiff must establish that the defendant had control over and responsibility for the premises before liability can be imposed." *Mayer v. Willowbrook Plaza Ltd. Partnership*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009) (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002)). Physical occupation or ownership of the property is not necessary to demonstrate control. *United Scaffolding Inc. v. Levine*, 537 S.W.3d 463, 473–74 (Tex. 2017) (citing *Butcher v. Scott*,

906 S.W.2d 14, 15–16 (Tex. 1995)). The right to control the premises "may be expressed by contract or implied by conduct." *Id.* at 473 (citing *G.E. v. Moritz*, 257 S.W.3d 211, 214 (Tex. 2008)). However, "[t]he control must relate to the condition or activity that caused the injury." *Mayer*, 278 S.W.3d at 909 (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 528 (Tex. 1997) (per curiam)).

Henpil submits evidence that shows it is a holding company for liquor licenses used at Kroger stores, and that it only maintains an interest in personal property related to those licenses. (ECF No. 26-1 at App. 66–67, 69–71, 73, 75–76). In her response, Plaintiff concedes that Henpil does not maintain ownership or control over the Kroger store at issue. (ECF No. 27 ¶ 3). Thus, the Court **GRANTS** summary judgment in favor of Henpil on Plaintiff's premises liability claim.

Kroger argues it is entitled to summary judgment because (1) Kroger had no duty to warn Plaintiff because the puddle of milk was open and obvious, and (2) even if the puddle of milk was not open and obvious, Kroger did not have actual or constructive knowledge of the puddle of milk. (ECF No. 25 at 13–15).

### 1. Unreasonable Risk of Harm to Invitee

A premises liability defendant's duty is limited to those measures that an ordinary, reasonable landowner would take. *Austin*, 465 S.W.3d at 204. When a dangerous condition is open and obvious or known to an invitee, an owner does not owe a duty to the invitee. *Id.* In such situations, the owner of the land is not in a better position to discover the risk, and "the law presumes that invitees will take reasonable measures to protect themselves." *Id.* at 203. Generally, an open and obvious condition is one that is so plainly apparent that the plaintiff will be charged with knowledge and appreciation of the danger. *See Goodson v. Southland Corp.*, 454

4

S.W.2d 823, 827 (Tex. App.—El Paso 1970, writ ref'd n.r.e.). Indeed, Texas courts have described an open and obvious condition as one that "any fool can plainly see." *Id.*; *Seideneck v. Cal Bayreuther Associates*, 443 S.W.2d 75, 76 (Tex. App.—Eastland 1969), *aff'd*, 451 S.W.2d 752 (Tex. 1970). Additionally, because the inquiry is objective, the invitee's personal knowledge or awareness of the condition does not control. *Armendariz v. Wal-Mart Stores, Inc.*, 721 F. App'x 368, 371 (5th Cir. 2018) (internal citation omitted). Texas courts also hold a condition is open and obvious when it occurs naturally "without the assistance or involvement of unnatural contact." *Scott & White Mem. Hosp. v. Fair*, 310 S.W.3d 411, 412–14 (Tex. 2010). Because the open and obvious rule goes to duty, the evaluation of whether a defect is open and obvious is "a question of law for the court" to decide. *Austin v. Kroger Tex., L.P.*, 746 F.3d 191, 198 (5th Cir. 2013) (internal citation omitted).

Kroger asserts that it owes no duty to Plaintiff, because the puddle of milk on the floor was open and obvious. (ECF No. 25 at 13–14). For support, Kroger points to Plaintiff's testimony that the puddle covered "over a foot" of the floor, and that she "was walking straight" and was not pushing a cart or holding any items at the time she fell. (ECF No. 26-1 at App. 27, App. 32, App. 42–43). Kroger also states that Plaintiff's photos[1] of the puddle "clearly demonstrate the open and obvious nature of the milk on the floor." (ECF No. 25 at 13).

Plaintiff responds that the milk was not open and obvious because the white floor camouflaged the white milk. (ECF No. 27 ¶ 6).

Based on Plaintiff's testimony and the photos, the Court finds that the puddle of milk was not open and obvious as a matter of law. *See Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539,

---

[1] The photos submitted by Kroger include paper towels and a yellow "wet floor" caution cone. Kroger states that, for the purposes of the Motion for Summary Judgment, it does not dispute that those items were not placed in the area until after Plaintiff fell. (ECF No. 25 at 7 n.10).

541–42 (Tex. 1976) (refusing to hold platform was open and obvious based on testimony "that the color of the platform blended in with that of the floor."). Because the Court finds that the puddle of milk was not open or obvious, and therefore, that Kroger had a duty to Plaintiff as an invitee, the Court next addresses whether Kroger had actual or constructive knowledge of the puddle of milk.

### 2.  Actual or Constructive Knowledge of Condition

To show actual knowledge, the invitee must show that the landowner either put the foreign substance on the floor or knew it was on the floor and negligently failed to remove it. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992). If an invitee cannot show actual knowledge, the invitee can establish constructive knowledge by showing that the condition existed for a sufficient period of time that the landowner should "have discovered it upon reasonable inspection." *CMH*, 15 S.W.3d at 102–03; *see also Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815–16 (Tex. 2002).

Kroger contends that Plaintiff lacks evidence to establish that Kroger had actual or constructive knowledge of the spilled milk. (ECF No. 25 at 14). Specifically, Kroger asserts that there is no evidence regarding how the milk was spilled, how long the milk was on the floor before Plaintiff fell, or how long it had been since Kroger inspected the area where the puddle was. (*Id.* at 14–15).

In her response, Plaintiff points to a witness statement by Magaly Lopez, a customer who helped her up after her fall, to support her argument that Kroger had actual knowledge of the milk. (ECF No. 27 ¶ 5). Lopez stated that she "went to the ['employee only'] back door to find someone to clean the milk spill" but "when she turned around [Plaintiff] had already fallen."

6

(*Id.* at 6). Plaintiff argues that an inference should be drawn from this statement that Lopez told Kroger about the spill. (*Id.* ¶ 5).

The Court finds, as a matter of law, that Kroger did not have actual or constructive notice of the milk. There is no evidence that Kroger knew the milk was on the floor and negligently failed to remove it. Plaintiff admits she is not aware of any statements by any Kroger employee indicating that any employee knew of the milk before the incident. (ECF No. 26-1 at App. 55). There is no temporal evidence "upon which the factfinder can reasonably assess the opportunity [Kroger] had to discover the [milk puddle]." *See Wal-Mart v. Reece*, 81 S.W.3d 812, 816 (Tex. 2002). Plaintiff admits that she has no personal knowledge of how much time elapsed between the last time an employee inspected the area and the time of the incident. (ECF No. 26-1 at App. 56).

Rather than generating an inference that Lopez actually notified a Kroger employee of the spill, Lopez's statement merely suggests, at best, that she was on her way to notify a Kroger employee at the time of Plaintiff's fall. Moreover, Plaintiff's testified that she has no personal knowledge regarding where Lopez was in the store or what Lopez had been doing prior to helping her up. (ECF No. 26-1 at App. 41–42). Because there is no fact issue as to whether Kroger had actual or constructive knowledge of the puddle of milk, the Court **GRANTS** summary judgment on Plaintiff's premises liability claim in favor of Kroger.

**B.     Negligence Claims**

Ordinary negligence principles apply where "the injury is the result of a contemporaneous, negligent activity on the property." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). It thus involves a "malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury." *Kroger*, 746 F.3d at 196. In contrast, the Court applies the principles of premises liability if the injury stems from a condition

7

on the premises rather than an act. *Id.* Premises liability is a "nonfeasance theory based on the owner's failure to take measures to make the property safe." *Id.* Accordingly, a plaintiff must proceed under a theory of premises liability where her claim concerns the condition of the premises rather than contemporaneous negligent acts. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). A case arising under a theory of premises liability cannot support the plaintiff's recovery under a theory of general negligence. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017); *see also H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259, *reh'g denied* (Tex. 1992).

Here, Plaintiff's suit rests solely on the condition of the premises. Thus, Texas law precludes a concurrent claim of ordinary negligence. Further, based on the evidence presented, there is no fact issue as to negligent hiring, training, or supervision, and there is no evidence that the lack of such training or supervision caused the accident in this case.

IT IS ORDERED that Defendants' Motion for Summary Judgment (ECF No. 24) is **GRANTED**. The Court will enter a separate final judgment.

**SO ORDERED**.

March 8, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE